FILED
SUPERIOR COURT
OF GUAM

2025 DEC 23 AM 10: 25

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DAVID WAATHDAD, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>CYFRED, LTD.,<br><br>Defendant. | CIVIL CASE NO. **CV0735-18**<br><br>**DECISION AND ORDER RE SECOND MOTION FOR RELIEF FOR FRAUD UPON THIS COURT OR FOR EQUITABLE RELIEF** |

For the second time, Plaintiffs move to set aside the Judgments issued in this case on equitable grounds and on account of alleged fraud committed by Defendant Cyfred, Ltd. and its counsel. Upon review of this motion and the record in this case and related cases, the Court finds that Plaintiffs have failed to demonstrate a basis to set aside the Judgments issued by this Court and the Supreme Court of Guam.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Chronology of Proceedings

This case concerns the nonjudicial foreclosures of "second lots" in the Gill-Baza Subdivision. The Court incorporates the "Factual and Procedural Background" detailed by the Guam Supreme Court in its first opinion on this matter, *Waathdad v. Cyfred,* 2021 Guam 24 ¶¶ 4–10. In that opinion, the Guam Supreme Court affirmed this Court's ruling granting Cyfred summary judgment. Under a Mandate, the matter returned to this Court, where the parties litigated attorney's fees and a stay. This Court also declined to stay enforcement of the

**ORIGINAL**

Judgment. Order Den. Appl. Relief (Sep. 19, 2023). Plaintiffs again appealed, and the Guam

Supreme Court affirmed the denial of the stay. *Waathdad v. Cyfred*, 2024 Guam 6.

Upon the issuance of the Guam Supreme Court's second Mandate on August 11, 2025,

this Court reviewed and denied Plaintiffs' first motion to set aside the Judgments based on

alleged fraud upon the Court committed by Cyfred's attorney, Curtis Van de Veld. Dec. & Order

Den. Pls.' First Mot. Relief for Fraud Upon This Ct. (Aug. 11, 2025). In this second Motion,

Plaintiffs contend that for good conscience and equity, the Judgments[1] should be set aside. They

allege that at the time Cyfred moved for partial summary judgment (in 2019), Cyfred and its

counsel knew that Stephanie Mendiola had executed a deed transferring her interests to Cyfred

but concealed that deed from the Court and from Plaintiffs. That alleged concealment, they

contend, amounts to a fraud on the court and warrants vacatur of the Judgments, reinstatement of

the prior preliminary injunction, and setting aside subsequent nonjudicial foreclosure sales.

## B.     Determinations in the related action, *Peter v. Gill*, CV0426-18

Portions of this second motion concern development in a related case, *Peter v. Gill*,

CV0426-18. In that case, in March 2020, the Court examined whether Mendiola intended to

transfer her interests in lots at the Subdivision. It found that in April 2014, Mendiola provided a

signed Quitclaim Deed to Van de Veld, who was serving as her attorney at the time. *Peter*,

CV0426-18 (Dec. & Order re Pls.' Renewed Mot. Summ. J. at 2 (Mar. 13, 2020)). The Court

determined that Mendiola intended to transfer title immediately when she provided the deed to

---

[1] Plaintiffs ask the Court to set aside this Court's January 30, 2020 Judgment and the May 31, 2023 Addendum. However, there are other judgments. The Guam Supreme Court issued Judgments on December 22, 2021, and on December 5, 2024—both affirming this Court. When using the term "Judgments," this Court incorporates the Judgments issued by the Guam Supreme Court, even though Plaintiffs do not specifically mention the Guam Supreme Court Judgments.

her attorney, even without giving him instructions or conditions regarding the transfer of the deed to Cyfred or Plaintiffs. *Id.* at 9. "Accordingly, . . . Mendiola has no claim or interest in any of the 14 lots." *Id.* Then, in August 2021, the Court found that because Mendiola transferred her interests, and Cyfred intended to transfer its interest through the Settlement Agreement, Cyfred has no claim or interest in any of the fourteen lots. *Id.* (Dec. & Order re Mot. Partial Summ. J. on Pls.' Ninth Count (Aug. 20, 2021)).

Following a trial, the Court issued its Findings of Fact and Conclusions of Law in CV0426-18. The Court determined that Cyfred and Gill did not commit fraud in the course of the Settlement Agreement with the homeowners of the Subdivision, that there was no other contract whereby Cyfred or Francis Gill were bound to assist Plaintiffs with clearing title, and that the duty of good faith and fair dealing did not apply. *Id.* (Finds. Fact & Concl. L. (Aug. 11, 2025)). Plaintiffs asked the Court to alter or amend its finding; however, the Court found that it did not rule erroneously in denying relief on the claims involving the duty of good faith and fair dealing. *Id.* (Dec. & Order Denying Mot. Alter or Am. J. (Dec. 2, 2025)).

Within CV0426-18's Findings of Fact and Conclusions of Law, the Court found by a preponderance of the evidence that "[o]n April 23, 2024, Mendiola sent to Van de Veld, her attorney at the time, a signed Quitclaim Deed and Affidavit of Consideration. Ex. 37 at P886." *Id.* (Finds. Fact & Concl. L. at 8). Evidence admitted in CV0426-18 also indicates that Mendiola informed Wayson Wong (attorney for Plaintiffs) of the deed in April 2014: "Wayson, I provided the signed deed . . . to Curtis." CV0426-18 (Tr. Ex. 6 at P756). Wong himself confirmed this information with Van de Veld: "Curtis, Thank you for advising me last month that you hold a recordable deed from Stephanie Mendiola that I had asked her to sign and have notarized." *Id.* at P758 (Aug. 5, 2014 email).

## II.   LAW AND DISCUSSION

Guam Rule of Civil Procedure 60 allows courts to grant relief from judgments and orders. Litigants traditionally seek relief under Rule 60(b)'s conventional bases—mistake, excusable neglect, newly discovered evidence, fraud, or 60(b)(6)'s "catch-all" basis, most of which carry a one-year deadline. GRCP 60(b). Plaintiffs, however, primarily ask the Court to apply a rare section of Rule 60(b): "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as required by law, or to set aside a judgment for fraud upon the court." Plaintiffs claim that through this motion they have initiated an "independent action" or alternatively, raised grounds demonstrating a fraud upon the Court, for which there is no deadline.

### A.   Independent Action

The Court first reviews whether Plaintiffs have demonstrated relief under an independent action. In analyzing the independent action provision under the comparable Federal Rule of Civil Procedure 60, the United States Supreme Court reserved its application "for those cases of 'injustice which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 47 (1998) ("an independent action should be available only to prevent a grave miscarriage of justice"). One such case is *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), *overruled on other grounds by Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18 n.2 (1976). In that case, Hartford-Empire applied for a patent and arranged for an article to be published in a trade journal, which praised the invention. This article was used to persuade the Patent Office to grant the patent and later to influence the Circuit Court of Appeals to uphold the



ORIGINAL

patent's validity and infringement. Nine years after the Third Circuit upheld the patent's validity, Hazel-Atlas alleged that the article was fraudulently attributed and that Hartford's lawyer was the true author. The Third Circuit Court of Appeals initially denied relief, holding that the fraud was not newly discovered, that the article was not the primary basis for the 1932 decision, and that it lacked authority to set aside the judgment due to the expiration of the term.

The U.S. Supreme Court, however, held that the Circuit Court of Appeals had both the duty and the power to vacate its own judgment and direct the District Court to do the same, given the fraud perpetrated on the court. The Court emphasized that equitable relief against fraudulent judgments is a judicially devised remedy to correct injustices, even after the term of judgment has expired. "[W]here the occasion has demanded, where enforcement of the judgment is 'manifestly unconscionable,' [courts] have wielded the power without hesitation." *Id.* at 244–45. The Court found that Hartford-Empire's fraud was a deliberate scheme to deceive both the Patent Office and the Circuit Court of Appeals, and that no equities had intervened to protect the fraudulently procured patent or judgment. The Court concluded that the public interest demanded the vacation of the judgments and the denial of relief to Hartford for the claimed infringement of the patent.

According to Plaintiffs here, if Van de Veld advised this Court in 2019 that Mendiola had signed deeds clearing her from the title to the lots, the Court would not have granted summary judgment in favor of Cyfred nor dissolved the preliminary injunction. "By hiding the clearance information, Cyfred injured those Homeowners' rights to have clear title to the 14 lots by making it much more difficult and expensive to obtain the same. . . . [T]hey never would have risked losing their second lots by stopping payment on their notes and mortgages . . . ." Pls.' Mem. P. & A. in Support Second Mot. Relief for Fraud at 9 (Mar. 28, 2025).



Problematically, however, the evidence admitted in CV0426-18 showed Plaintiffs' counsel also knew of these deeds and never brought them to the Court's attention. In 2014, Mendiola wrote to Plaintiffs' counsel that she signed the deed and provided it to her attorney. CV0426-18 (Tr. Ex. 6 at P756). Then, Plaintiffs' counsel wrote and confirmed that Mendiola's attorney also informed him that Mendiola signed the deed. *Id.* at P758. To the extent the existence of Mendiola's deed over the first lots would have impacted the Court's ruling on maintaining the injunction against foreclosure of the second lots, Plaintiffs had the same opportunity to inform the Court. Yet this information—known to Plaintiffs since 2014—is absent from the pleadings in this case and from Plaintiffs' opposition to the motion for partial summary judgment. It should go without saying that bringing material evidence to the Court's attention is an obligation of both counsel.

Furthermore, even if their argument has some merit, Plaintiffs' delay impacts the Court's analysis. The fact that Mendiola signed deeds in 2014 could have been raised in the 2019 summary judgment briefs. Additionally, in 2020, this Court held in CV0426-18 that Mendiola conveyed her interest in the lots by signing the deeds in 2014. This Court issued that ruling early in Plaintiffs' appeal from the summary judgment in this case. Plaintiffs could have brought up this issue before the Guam Supreme Court issued its first opinion in 2021, before the Mandate to this Court for further proceedings in 2022, and even prior to the second appeal and opinion in 2024. Although there is no deadline for filing a Rule 60(b)(6) motion, timing remains relevant when addressing the injustice a movant seeks to correct. Rule 60(b)(6) relief is a rare exception to the res judicata rule; granting such relief requires considering all circumstances that led to the Court's decision and the reasons for departing from it. *Hazel-Atlas Glass Co.*, 322 U.S. at 244. Here, Plaintiffs have not acted promptly in requesting the Court's review of the information they



now present. The Court finds that this lack of promptness cannot justify overturning property transactions that happened years ago.

Additionally, the Court struggles to find a direct connection between any alleged concealment of the Mendiola deeds over the first lots and Plaintiffs' decision (with guidance from their attorney) to withhold payments on the second lots. In contrast, in *Hazel-Atlas*, the U.S. Supreme Court determined that the concealment there was a "deliberately planned and carefully executed scheme to defraud" government agencies and the court. *Id.* at 245. Here, however, there is no proof of a scheme to conceal the Mendiola deeds; in contrast, it was known to Plaintiffs vicariously through their attorney since 2014. As a final point, even though Cyfred challenged that Mendiola's signature on the deed amounted to her releasing any claim she had to title or ownership of the lots, this Court ruled against Cyfred and found that the deeds effected a transfer of title. Even further, the Court has never found that Cyfred proffered its arguments in bad faith.

Finally, Plaintiffs claim that Cyfred had an implied duty of good faith and fair dealing. However, this Court has already ruled that the duty is not applicable under the circumstances. *See* CV0426-18 (Finds. Fact & Concl. L. at 23; Dec. & Order Den. Mot. Alter or Am. J. ).

For all these reasons, the Court does not find that Plaintiffs have successfully met the standard for an independent action under Rule 60.

**B.     Fraud on the Court**

The Court next addresses Plaintiffs' argument that the alleged concealment of Mendiola's deed amounts to a fraud. The Court recently addressed the standard for a fraud upon the Court in its August 11, 2025 Decision and Order Denying Plaintiffs' First Motion for Relief for Fraud Upon this Court. To summarize, the movant must show by clear and convincing evidence that a



fraud was perpetrated on the court to the extent that the court's integrity has been subverted. *Trans Pacific Export Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 33; *see also In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999) (noting that a "fraud on the court" must be reviewed narrowly). *Trans Pacific Export Co.* also noted that there must be evidence of extrinsic fraud, meaning the fraud has "deprive[d] the unsuccessful party an opportunity to present his case to the court." *Id.* ¶ 34 (citing *Caswell Realty v. Andrews*, 466 S.E.2d 310, 312 (N.C. App. 1996)). The Ninth Circuit has explained a fraud on the court as "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (citing *In re Levander*, 180 F.3d at 1119).

As already noted, the evidence demonstrates that Plaintiffs knew that Mendiola signed a deed back in 2014. With that knowledge, it cannot be said that Plaintiffs were deprived of any opportunity to raise that factual claim in this case if they believed it was relevant to whether or not the injunction should continue. Just as this Court has ruled before, Plaintiffs' legal and financial strategy was a risk that did not pay off in the end. Rather than paying on notes and debts they lawfully entered into with Cyfred, they asserted an entitlement to a setoff, which they were ultimately not entitled to. Plaintiffs made that legal decision to stop paying on the Notes, and thus, assumed all the risk of that miscalculation, which included a foreclosure on the second lots.

The judicial system did not malfunction or deprive Plaintiffs of any opportunity to present their case; their legal and financial errors, and the repercussions that followed, stem from their own choices.

ORIGINAL

## III.  CONCLUSION AND ORDER

The Court finds that Plaintiffs have not demonstrated an entitlement to the relief of setting aside the Judgments in this case.  The second motion for relief is DENIED.[2]

**SO ORDERED, 23 December 2025.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Wayson W.S. Wong, Esq., Law Offices of Wayson Wong, APC, for Plaintiffs
Curtis C. Van de Veld, Esq., The Vandeveld Law Offices, P.C., for Defendant Cyfred, Ltd.

---

[2] In a separate Order, the Court will address Cyfred's request for attorney's fees.

ORIGINAL